THOMAS PSAROUDIS, Doing Business under the Firm Name and Style of BRIGHT STAR AND SUNSHINE LAUNDRY COMPANY, Respondent, *v.* RACHEL MARKOWITZ, Individually and as Sole Executrix, etc., of HERMAN MARKOWITZ, Deceased, Appellant.

First Department, March 4, 1927.

Landlord and tenant — lease by defendant's testator obligated him to furnish stipulated head of steam to plaintiff — action to recover damages for constructive eviction based on willful refusal to furnish steam — evidence sustained finding of eviction and jury's award of loss of profits as element of damages — at close of trial complaint was amended to make executrix individual defendant, on ground that she continued willfully to refuse to supply steam — general verdict was rendered against defendant — error cannot be corrected by reversal against defendant individually.

This is an action by a tenant to recover against the executrix of the landlord on the theory that the landlord willfully refused to furnish a stipulated head of steam

agreed upon in the lease of a laundry to the plaintiff, and that, therefore, the plaintiff was constructively evicted from the premises. The evidence is sufficient to sustain the jury's finding of a constructive eviction and its award of loss of profits as an element of damages.

At the close of the trial the complaint was amended so as to make the executrix a defendant individually on the theory that after the death of the testator she continued, willfully, to refuse to supply the required head of steam. The jury brought in a general verdict. This general verdict cannot stand, for the defendant, individually, is not liable for eviction caused by her testator nor as executrix is she liable for her personal conduct after decedent's death.

The error cannot be corrected as suggested by the plaintiff by reversing the judgment as to the defendant individually.

APPEAL by the defendant, Rachel Markowitz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of February, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 17th day of February, 1926, denying defendant's motion for a new trial made upon the minutes.

*J. Maurice Wormser* of counsel [*Isaac Steinhaus* with him on the brief; *Max Altmayer,* attorney], for the appellant.

*Herbert C. Smyth* of counsel [*Roderic Wellman* and *Frederick W. Bisgood* with him on the brief; *Frank W. Jackson,* attorney], for the respondent.

PROSKAUER, J. Defendant's testator leased premises to plaintiff for use as a laundry. The lease contained a landlord's covenant to furnish a stipulated head of steam. The action is brought to recover damages for constructive eviction claimed to have been caused by the willful refusal of the decedent in his lifetime to supply the steam. The appeal is from a judgment in favor of the plaintiff rendered upon a jury's verdict. The evidence is sufficient to sustain the jury's finding that there was an eviction and also the jury's award of profits as an element of damage.

At the conclusion of the trial, however, the plaintiff was granted leave to amend the complaint, over defendant's exception, by adding allegations that after the death of the decedent the defendant individually continued wantonly and maliciously to deprive the plaintiff of steam, and the jury has on this amended complaint found one verdict against the defendant individually and as executrix. As an individual, she is not liable for the eviction caused by her testator. As executrix she is not liable for her own personal conduct after the decedent's death. The respondent, recognizing the impossibility of sustaining a single verdict upon two merged causes of action against essentially different defendants, consents to a reversal against the defendant individually and claims that he thereby cures the error committed. The con-

tention is unsound because the jury has included in a verdict against the executrix damages arising out of a cause of action urged against the individual defendant only. The gravamen of the action here is the act of the decedent, not that of the individual defendant. The damages for that act may under certain conditions include, if a jury so finds, loss of profits for a period continuing after the decedent's death. But they may not include damages arising out of a new cause of action against the defendant individually.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, MARTIN and O'MALLEY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.